UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,

              Plaintiff,                        Case Number 15-11727

v.                                                        Honorable David M. Lawson
                                                        Magistrate Judge R. Steven Whalen

KEVIN ALLEN JUTZY, M.D., RAUL
TUMNADA, P.A., BADAWI ABELLATIF,
M.D., and ANGELA VATRINO,

             Defendants.

_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S
OBJECTIONS IN PART, AND GRANTING DEFENDANT VATRINO'S
MOTION FOR SUMMARY JUDGMENT**

      The case is before the Court on objections filed by the plaintiff to a report issued by Magistrate Judge R. Steven Whalen recommending that a motion for summary judgment by defendant Angela Vettraino (identified as "Vatrino" in the caption) be treated as an "unenumerated motion under Fed. R. Civ. P. 12(b)" and granted. The motion is based on the defendant's affirmative defense that the plaintiff, a Michigan prisoner, has not exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Plaintiff Robert Anderson is a Michigan prisoner who, while housed at the Macomb Correctional Facility, was seen by Vettraino, a nurse employed by the Michigan Department of Corrections (MDOC), for a complaint of painful discharge from his penis. Anderson filed a complaint in this Court alleging that his medical ailment was not addressed adequately, and the plaintiff's civil rights therefore were violated. The case was referred to Magistrate Judge Whalen to conduct all pretrial proceedings. Thereafter, Vettraino filed her motion for summary judgment. On January 26, 2016, Judge Whalen filed his report recommending that the Court treat the summary judgment as a motion under Federal Rule of Civil Procedure 12(b),

find that the plaintiff has not exhausted his administrative remedies prescribed by the MDOC grievance rules, and dismiss the complaint against defendant Vettraino without prejudice. The plaintiff filed timely objections, and the matter is before the Court for *de novo* review. The Court finds that the magistrate judge improperly characterized the defendant's motion as invoking Rule 12 instead of Rule 56. However, that error does not affect the thrust of the recommendation that the plaintiff did not complete the MDOC grievance procedure. Therefore, under the PLRA, his complaint against this defendant must be dismissed without prejudice.

I.

The magistrate judge accurately summarized the sequence of events that started with the plaintiff's encounter with the MDOC medical personnel (according to his complaint), his grievance filings, and his commencement of this litigation. In her motion, defendant Vettraino attached an affidavit from a prison official explaining the grievance procedure and summarizing the grievance report from the MDOC. The report confirms that the plaintiff did not file a Step-III grievance against defendant Vettraino until 2.5 months after he filed his complaint in this case.

In his report, Judge Whalen found that the plaintiff did not "properly exhaust" his administrative remedies against defendant Vettraino as required by MDOC's grievance procedure. Judge Whalen expressed concern, however, that a dismissal as a summary judgment on this procedural ground would be viewed as a "strike" under the PLRA's "three-strikes" provision that generally withholds pauper status from prisoners who have filed three previous lawsuits that have been dismissed as frivolous. *See* 28 U.S.C. § 1915(g). He recommended an approach that he used in a previous case: construing the motion as a motion to dismiss under Rule 12(b). *See Twohig v. Riley*, No. 12-11832, 2013 WL 3773365, at *3 (E.D. Mich. July 17, 2013). However, because the

exhaustion requirement is an affirmative defense, and not an issue a prisoner must address in his complaint, Judge Whalen recognized that a dismissal under Rule 12(b)(6) for failure to state a claim would not be appropriate. Nor do any of the other enumerated grounds in Rule 12(b) fit the circumstances here. So Judge Whalen opted to treat the defendant's motion as "'an unenumerated Rule 12(b) motion rather than a motion for summary judgment.'" *Ibid.* (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)).

II.

The plaintiff objected to the magistrate judge's report and recommendation on the procedural ground discussed above and four other grounds. Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge . . . may accept, reject, or modify, in whole or in part, the findings to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The entire focus of the recommendation is on the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory.

*Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion" means "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90.

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if raised and proved by the defendants. *Ibid.*

Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).

A fair indicator that the purpose of the grievance was fulfilled is the prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when the prison officials address the merits of the prisoner's complaint without mentioning a problem identifying the object of the grievance, the administrative system has worked, and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford*, 548 U.S. at 89 (internal citation and quotation marks omitted).

A. Unenumerated Rule 12(b) motion

The plaintiff objects to converting the defendant's motion for summary judgment into an unenumerated Rule 12(b) motion. He argues that not identifying an enumerated ground under Rule 12(b) prejudices the plaintiff because he cannot properly respond to the motion. The Court agrees that characterizing the motion as having been brought under Rule 12(b) is not proper. But that did not hamper the plaintiff's ability to respond, nor did it lead to an incorrect result.

As noted above, a prisoner's failure to exhaust administrative remedies is an affirmative defense, which a defendant must plead and prove. *Jones*, 549 U.S. at 216. As a general rule, affirmative defenses must be raised by a responsive pleading. Fed. R. Civ. P. 12(b) (stating that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required"). However, Rule 12(b) lists seven specific defenses that may be raised by motion. A failure to exhaust defense, or any defense based on the failure of a condition or requirement that is not an element of a claim for relief, is not included among the seven grounds.

Defendant Vettraino did not file a responsive pleading in this case. Because of the nature of the complaint, she was not required to do so. *See* 42 U.S.C. § 1997e(g)(1) (allowing that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law," and stating that "such waiver shall not constitute an admission of the allegations contained in the complaint"). However, to assert an affirmative defense (save those enumerated in Rule 12(b)(1) through (7)), she should have filed a responsive pleading. *See Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 750 (6th Cir. 2015).

Once an affirmative defense is asserted, it may be adjudicated at any point in the development of a lawsuit that the rules of procedure allow. As the *Jones* Court noted, because a plaintiff need not anticipate or plead around an exhaustion defense, that defense usually may not be addressed in a motion under Rule 12(b)(6) for failure to state a claim. *Jones*, 549 U.S. at 215. (In the rare case in which the plaintiff includes allegations in his complaint that permit adjudication of an exhaustion defense, a defendant may resort to a motion to dismiss under Rule 12(b)(6). *See Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) (acknowledging that the exhaustion defense may be "susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court") (citing *Jones*, 549 U.S. at 215)). However, the exhaustion affirmative defense may be raised by a motion for summary judgment if the defendant successfully demonstrates that no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law on that defense. *See Goad v. Mitchell*, 297 F.3d 497, 504-05 (6th Cir. 2002); *see also Rembisz*, 590 F. App'x at 504; *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). If material fact issues preclude summary judgment, the exhaustion defense may be tried to the Court under Rule 52(a)(1). *See Palmer v. Flore*, 3 F. Supp. 3d 632, 636 (E.D. Mich. 2014).

The summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)). As the magistrate judge pointed out in *Twohig v. Riley*, Rule 12(b)(6) does not appear to be the proper vehicle to address an exhaustion

defense under the PLRA, because failure to exhaust is not a pleading requirement. *Twohig*, 2013 WL 3773365, at *3. However, the magistrate judge expressed concern that a dismissal for failure to exhaust might be viewed in the future as a merits adjudication and count as a "strike" under the PLRA's three-strikes provision. That concern, however, is not well-founded.

Certainly, under the PLRA, a prisoner may not be allowed pauper status if on three prior occasions the prisoner filed a complaint or appeal that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is often referred to as the "three-strikes" provision of the *in forma pauperis* statute. *See Pointer v. Wilkinson*, 502 F.3d 369, 370 (6th Cir. 2007). The three-strikes provision was added by the PLRA in part to curb the "crush of frivolous prisoner filings in the federal courts." *Ibid*. Therefore, the manner in which a prisoner's complaint is resolved may have substantial consequences on future access to the federal courts.

However, neither the Supreme Court nor the Sixth Circuit has held that dismissing a prisoner's complaint for failing to exhaust administrative remedies amounts to the "failure to state a claim," which would make it a strike under the statute. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007). In *Pointer*, the Sixth Circuit adopted the view that "an action dismissed entirely without prejudice is not a 'strike' for the purpose of Section 1915(g)." *Ibid.* (quoting *Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)).

The magistrate judge in *Twohig* also reasoned that summary judgment appears to be inappropriate for exhaustion issues because there is no determination of the merits. *Twohig*, 2013 WL 3773365, at *3. However, that also is not entirely correct. A motion for summary judgment

on the exhaustion issue necessarily addresses the merits of an affirmative defense. The *Twohig* court cited *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), to support its conclusion that an unenumerated Rule 12(b) is preferable to a summary judgment motion. However, *Wyatt* was explicitly overruled on that issue by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), for deviating from the "'usual practice under the Federal Rules on the basis of perceived policy concerns.'" *Id.* at 1168 (quoting *Jones*, 549 U.S. at 212).

In *Albino*, the court recognized that the *Wyatt* panel's resort to an "'unenumerated' (that is, non-existent)" rule did not square with the Supreme Court's admonition in "*Jones* against deviating from 'the usual practice under the Federal Rules.'" *Id.* at 1166, 1169. The court reasoned that summary judgment under Rule 56 was the more appropriate procedural vehicle to consider whether a prisoner had exhausted administrative remedies. *Id.* at 1170. The *Albino* court joined the Second, Third, Fifth, and Seventh Circuits, which all "use a motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion" to resolve the question whether a prisoner had failed to exhaust administrative remedies under the PLRA. *Ibid.*; *see also Melton v. Michigan Corr. Comm'n*, No. 07-15480, 2009 WL 722688, at *6 (E.D. Mich. Mar. 17, 2009) (resolving failure to exhaust administrative remedies in a motion for summary judgment).

The plaintiff's objection that the magistrate judge should not have addressed the motion under Rule 12(b) has merit. But his argument that he suffered prejudice from that procedural irregularity must be rejected. Defendant Vettraino's motion was styled as a motion for summary judgment. The plaintiff responded to that motion, and furnished a declaration and exhibits. He had fair notice that the motion was presented as a summary judgment motion, and that matters outside the pleadings could be considered.

Based on all the declarations and exhibits, it is clear that the material facts are not disputed. The only question that remains is the legal consequences that flow from the undisputed facts. Therefore, the plaintiff's assertion in his first objection that he was prejudiced by the magistrate judge's procedural invention lacks merit and will be overruled.

### B. Availability of Grievance Process

The plaintiff contends that the Sixth Circuit has recognized that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance. He points out that more than 120 days had passed since he filed his Step-II appeal, which is the time allowed under the administrative rule for completing the entire grievance process. The plaintiff argues that the magistrate judge incorrectly interpreted the MDOC policy as providing an avenue for the plaintiff to pursue the next level (Step III) of the grievance process.

The MDOC grievance policy states that "[i]f a grievant chooses to pursue a grievance which has not been responded to by staff within the required time frames, . . . the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired." MDOC Policy Directive ¶ T. The plaintiff characterizes the magistrate judge's recommendation as requiring him to request an extension to file his Step-III appeal after not receiving a timely response to his Step-II appeal. However, the plaintiff has mischaracterized the magistrate judge's recommendation. The magistrate judge noted that the Step-III appeal was available to the plaintiff because after the Step-II response time lapsed with no answer, he had 10 days to proceed to Step III. There was no suggestion that the plaintiff was required to ask for an extension. The magistrate judge's mention of an extension was in response to the plaintiff's allegation that he was in the hospital during the 10-day period when he would have had to file his

-9-

Step-III appeal. The magistrate judge noted that the MDOC policy allows for extensions and that the plaintiff could have filed for an extension and subsequently pursued his Step-III appeal.

The plaintiff argues that the magistrate judge misconstrued the provisions of the MDOC policy that allows extensions. According to the plaintiff, extensions are allowed for the MDOC officials only, not prisoners. Paragraph S governs extensions and states the following:

> The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or II. An extension for a Step I or II response shall not exceed 15 days unless the grievance falls within the jurisdiction of the Internal Affairs Division. The Grievance Coordinator shall immediately notify the grievant in writing whenever an extension has been approved; the extension also shall be noted in the grievance response.

MDOC Policy Directive ¶ S. Nothing in that language confines the right to request and obtain extensions to prison officials. It is true that the rule makes reference to "[a]n extension for a Step I or II *response*," which necessarily applies to the prison officials, who always would be the responding party. That language, however, does not preclude an inmate from seeking an extension. Nonetheless, whether an extension was available to the plaintiff was not tested, because rather than filing the Step-III appeal after being released from the hospital, the plaintiff filed this action. He did not file a Step-III appeal until after he commenced the present lawsuit.

The plaintiff's objection on this ground will be overruled.

### C. Failure to Name Defendant Vettraino in Grievances

The plaintiff does not take issue with the policy that describes the information required in a grievance. Rather, he objects that the magistrate judge did not take into account the information that was available to the plaintiff at the time. The plaintiff argues that he simply did not know all

of the names of the people against whom he was filing a grievance at the time. In fact, he asked for an investigation to be conducted, but did not learn until months later that defendant Vettraino could be held liable for her alleged conduct.

The plaintiff cites *Jones v. Bock*, where the Court noted that "[t]he PLRA requires exhaustion of such administrative remedies as are available, but nothing in the statute imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule." 549 U.S. at 217 (internal citations and quotation marks omitted). The *Jones* Court concluded "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. To the extent that the magistrate judge based his recommendation on the plaintiff's failure to name the defendant, the plaintiff is correct. However, that does not change the outcome here. As the magistrate judge explained, not only did the plaintiff fail to mention the defendant in his grievance, he also failed to articulate in his grievance the source of his complaint against her. The main thrust of his Step-I and -II grievances related to medical issues not presented to defendant Vettraino. Therefore, the plaintiff failed to comply with the basic requirement of the administrative rule, which was intended to provide a means of "affor[ding] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525. The Step-I and -II grievances did not give defendant Vettraino "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007).

The petitioner's third objection will be overruled.

D.  Other Responses to the Exhaustion Defense

The plaintiff further objects that the magistrate judge failed to address other defenses raised in the plaintiff's opposition to the motion for summary judgment.  The plaintiff argues that his verified complaint has not been refuted and discovery is needed to decide a motion for summary judgment.  Discovery, he argues, into the medical records will show genuine issues of material facts which support his position that the motion for summary judgment should be denied.  However, the magistrate judge's report and recommendation does not address the merits of the plaintiff's claim.  Rather, it focuses entirely on the affirmative defense of failure to exhaust administrative remedies, for which there are no material fact issues in dispute.  The record facts are sufficient to adjudicate that defense as a matter of law, and no discovery is necessary to further illuminate the circumstances.

III.

The Court's *de novo* review of defendant Vettraino's motion for summary judgment and the plaintiff's response leads to the conclusion that the magistrate judge applied the correct substantive law to the facts of the case, although he utilized an incorrect procedure.  The procedural error, however, was inconsequential to the outcome.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #27] is **ADOPTED IN PART**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #32] are **OVERRULED IN PART**.

It is further **ORDERED** that defendant Vettraino's motion for summary judgment [dkt. #11] is **GRANTED**.

It is further **ORDERED** that the complaint against defendant Angela Vettraino, **ONLY** is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the matter is referred to Magistrate Judge R. Steven Whalen under the previous reference order [dkt. #8] to ready the matter for trial and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated:   March 29, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2016.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI