UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,

               Plaintiff,

v.

KEVIN ALLEN JUTZY, M.D.,
RAUL TUMADA, P.A., BADAWI
ABELLATIF, M.D., and ANGELA
VATRINO,

               Defendants.

_____/

CIVIL ACTION NO. 15-11727

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE R. STEVEN WHALEN

**REPORT AND RECOMMENDATION**

On May 14, 2015, Plaintiff Robert Jarmel Anderson, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Before the Court is Defendants Badawi Abdellatif and Raul Tumada's Motion to Dismiss Based on the Failure to Exhaust Administrative Remedies [Doc. #34], which has been referred for a Report and Recommendation ("R&R") under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be construed as a motion for summary judgment, that it be GRANTED, and that these Defendants be DISMISSED WITHOUT PREJUDICE.

-1-

## I.   FACTS

In June of 2013, Plaintiff was housed at the Macomb Correctional Facility.  Defendant Badawi Abdellatif, M.D. is a physician and Defendant Raul Tumada is a Physician's Assistant. Both were employed by Corizon, Inc., and both provided health care services at the Macomb Correctional Facility. Plaintiff alleges that Abdellatif and Tumada were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

The Defendants seeks dismissal based on Plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). Pursuant to Fed.R.Civ.P. 10(c), they incorporate and adopt by reference "MDOC Defendant Angela Vettraino's Motion for Summary Judgment and Brief and Exhibits in Support of Summary Judgment filed on July 7, 2015, and Reply Brief and Exhibits filed on August 25, 2015." *Defendants' Motion* [Doc. #34], at 2, Pg. ID 205.[1] Likewise, in response to the present motion, Plaintiff "incorporates by reference the argument raised in his 'PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION AND PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION.'" *Plaintiff's Response* [Doc. #38]. As in the previous motion to dismiss, Plaintiff concedes that he did not exhaust his administrative remedies as to any Defendant, but argues that because he did not receive

---

[1] Attached to the previous motion [Doc. #11] as Exhibit B is a certified copy of an MDOC Step III grievance report for inmate Robert Anderson, #352501, showing that he had not filed any Step III grievances between May of 2009 and the time the motion for summary judgment was filed. The report is accompanied by the affidavit of Logan Nurenberg.

a timely response to his Step II grievance, and because the time for him to appeal to Step III expired when he was in the hospital, he "deemed his process exhausted or remedy unavailable." *Affidavit in Support of Response to previous Motion* [Doc. #15], ¶¶ 4-15.

On January 26, 2016, I filed an R&R in which I recommended that Defendant Angela Vettraino, a Registered Nurse employed by the MDOC, be dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies before filing suit [Doc. #27]. On March 29, 2016, the Court adopted my R&R to the extent that Vettraino was dismissed without prejudice because Plaintiff did not exhaust his administrative remedies [Doc. #36].[2]

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d

---

[2] In my previous R&R, I construed the Defendant Vettraino's motion as an unenumerated Rule 12 motion. The Court rejected that portion of the R&R. There is a divergence of views as to whether a motion based on 42 U.S.C. § 1997e(a) should be analyzed as a motion to dismiss under Rule 12 or as a summary judgment motion. *Compare Twohig v. Riley*, 2013 WL 3773365, *3-4 (E.D. Mich. 2013) and *McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014) with *Anderson v. Jutzy*, 175 F.Supp.3d 781 (E.D. Mich. 2016). I am persuaded by the Court's previous ruling in this case that the present motion to dismiss should be construed as a motion for summary judgment.

12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

### III.   DISCUSSION

My previous R&R and the Court's previous decision dismissing Defendant Vettraino are dispositive of the present motion. I will therefore restate my previous analysis:

The MDOC provides prison inmates a detailed procedure for bringing forward complaints, which is set forth at MDOC Policy Directive (PD) 03.02.130. This grievance procedure consists of four acts an inmate must undertake before seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form and file it within ten days after receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process.

There is no basis to excuse the Plaintiff's failure to complete and comply with the MDOC's grievance process before filing suit. Plaintiff argues that he is excused from doing so, in part, because he did not receive a timely response to his Step II grievance, and therefore did not have an "available" administrative remedy. In support, he cites *Boyd v. Corrections Corporation of America*, 380 F.3d 989 (6th Cir. 2004), where the Sixth Circuit held that "administrative remedies are exhausted when prison officials fail to timely respond

to a properly filed grievance." *Id.* at 996. *Boyd* relied on a number of cases from other Circuits where the failure to timely respond to a prisoner's grievance rendered administrative remedies "unavailable." *See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir.2002) ("[W]e agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable[.]"); *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002) ("We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.' "); *Foulk v. Charrier,* 262 F.3d 687, 698 (8th Cir.2001) ( "[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him.").

The Plaintiff's case falls outside the purview of *Boyd* because the Policy Directive explicitly makes further administrative proceedings available even in the absence of a timely response at Step I or Step II.[3] Paragraph T of Policy Directive 03.02.130 provides as follows:

> "If a grievant chooses to pursue a grievance which has not been responded to by staff within required time frames, including any extensions granted, the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired, including any extensions which have been granted."

In addition, ¶ FF states:

---

[3] *Boyd* arose out of a private correctional facility in Tennessee, as did *Risher v. Lappin*, 639 F.3d 236 (6th Cir. 2011), also cited by the Plaintiff.

"To file a Step III grievance, the grievant must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form (CSJ-247B), to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions."

Thus, the MDOC grievance process was not "unavailable" to the Plaintiff, notwithstanding any untimeliness in the Step II response.

The Plaintiff also argues that he was in the hospital during the 10-day period when he could have filed a Step III appeal, so that by the time he was discharged, any appeal would have been untimely, again making his remedies unavailable. But as noted in the above provisions of the Policy Directive, the MDOC grievance procedure provides for requests for extensions of time. Exhaustion is required even if the inmate subjectively believes that the remedy is not available or that the procedure is "ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). The point of the exhaustion requirement is to give the prison authorities the opportunity to resolve the inmates' complaints. *See Jones v. Bock*, 549 U.S. at 204 ("Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."). Had the Plaintiff filed his Step III appeal within 10 days of his discharge from the hospital, he could have given the prison the opportunity to consider an extension, or to excuse his untimeliness due to extenuating circumstances. Instead, he waited to file his Step III appeal months after he filed his civil complaint. Under the PLRA, "a prison inmate may not complete the grievance process after filing suit." *Boulding v. Michigan Dep't of Corr.,*

2015 WL 136195, at *3 (E.D. Mich. 2015), citing *Larkins v. Wilkinson,* 1998 WL 898870 at *2 (6th Cir. Dec.17, 1998) (unpublished).

Again, this Court has already rejected Plaintiff's argument that his failure to exhaust should be excused because an administrative remedy was "unavailable." The present Defendants should likewise be dismissed.

## IV.   CONCLUSION

I recommend that Defendants' Motion to Dismiss [Doc. #34] be construed as a motion for summary judgment, that it be GRANTED based on Plaintiff's failure to exhaust his administrative remedies before filing suit, and that Defendants Abdellatif and Tumada be DISMISSED WITHOUT PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 2, 2017

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on February 2, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

-9-