UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,

        Plaintiff,

v.

KEVIN ALLEN JUTZY, M.D.,
RAUL TUMADA, P.A., BADAWI
ABELLATIF, M.D., and ANGELA
VETTRAINO,

        Defendants.
_____/

CIVIL ACTION NO. 15-11727

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER DENYING MOTION TO RE-FILE COMPLAINT [Doc. #45]**

On May 14, 2015, Plaintiff Robert Jarmel Anderson, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. On March 29, 2016, the Court dismissed Defendant Angela Vettraino (misspelled as "Vatrino" in the caption) without prejudice under 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies before filing suit [Doc. # 36]. Before the Court at this time is Plaintiff's motion to re-file his complaint against Defendant Vettraino [Doc. #45].

One of the bases for dismissal was the fact that Plaintiff filed his complaint before receiving a Step III response to his grievance appeal. He now asks to re-file his

complaint because he has now received the Step III response. However, there was a second reason that the complaint against Vettraino was found to have been unexhausted: she was not identified in either Step I or Step II of the MDOC grievance procedure. Adopting my Report and Recommendation to dismiss, the Court stated:

> "As the magistrate judge explained, not only did the plaintiff fail to mention the defendant in his grievance, he also failed to articulate in his grievance the source of his complaint against her. The main thrust of his Step-I and -II grievances related to medical issues not presented to defendant Vettraino. Therefore, the plaintiff failed to comply with the basic requirement of the administrative rule, which was intended to provide a means of 'affor[ding] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case....The Step-I and -II grievances did not give defendant Vettraino 'fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.'" [Doc. #36, p. 11] (internal citations omitted).

The fact that Plaintiff has now exhausted this grievance through Step III does not cure his failure to identify Vettraino or describe her conduct at Steps I and II. Allowing him to simply "re-file" his complaint against Vettraino under this docket number would be futile. Granted, her dismissal was without prejudice, so Plaintiff may file a new complaint (not re-file the present complaint), assuming he properly exhausts as to this Defendant.

Accordingly, Plaintiff's motion to re-file his complaint against Defendant Vettraino [Doc. #45] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2017

## CERTIFICATE OF SERVICE

I hereby certify on July 25, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 25, 2017.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen