UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,

                                        CIVIL ACTION NO. 15-11727

          Plaintiff,

                                        DISTRICT JUDGE DAVID M. LAWSON

v.

                                        MAGISTRATE JUDGE R. STEVEN WHALEN

KEVIN ALLEN JUTZY, M.D.,
RAUL TUMADA, P.A., BADAWI
ABELLATIF, M.D., and ANGELA
VETTRAINO,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

On May 14, 2015, Plaintiff Robert Jarmel Anderson, a prison inmate in the custody

of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint

under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in

violation of the Eighth Amendment. The case has been referred for pretrial management

[Doc. #8].  Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the complaint be

DISMISSED WITHOUT PREJUDICE as to Defendant Dr. Kevin Allen Jutzy, M.D., for

failure to serve Dr. Jutzy.

## I.   FACTS

Because Plaintiff is proceeding *in forma pauperis*, the Court ordered service by the

United States Marshal, and ordered the Marshal  to make all reasonable efforts to serve

-1-

the summons and complaint on Defendants without prepayment of costs for such service [Doc. #6,  Doc. #25, Doc. #40, and Doc. #53].  Dr. Jutzy is the only Defendant who has not been served, and the only Defendant who has not been dismissed.  Previous attempts to serve Dr. Jutzy at Corizon Health and at the Michigan Department of Corrections were unsuccessful, as was the latest attempt at his purported business address in Grosse Pointe Woods.

On June 23, 2017, I ordered Plaintiff to provide a correct address for service on Dr. Jutzy, and extended the time for service for 30 days from the date of the order [Doc. #55].  The order cautioned Plaintiff that "[h]is failure to do so will result in a recommendation that his complaint be dismissed without prejudice under Fed.R.Civ.P. 4(m)."  *Id*.  Although more than 30 days have elapsed, Plaintiff has not responded to the order.

## II.   DISCUSSION

"An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint." *Herbert v. Roark*, 2006 WL 1284695, *1 (E.D. Mich. 2006), citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D.Mass.1994).  Notwithstanding that Marshal's service is ordered, it is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service.  *Id*., citing *Williams v. McLemore*, 10 Fed. App'x.

241, 243 (6th Cir.2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996).  *See also Lee*

*v. Armontrout*, 991 F.2d 487, 489 (8th Cir.1993)(prison inmate bears the responsibility for

providing defendants' proper addresses or Marshal's service).

Fed.R.Civ.P. 4(m) provides that if a defendant is not timely served, "the court–on

motion or on its own after notice to the plaintiff–must dismiss the action without

prejudice against that defendant or order that service be made within a specified time."

This Court has already extended the time for service three times [Doc. #25, Doc. #40,

Doc. #53].  Plaintiff has failed in his obligation to provide a correct address for service,

and has opted not to reply to the Court's latest order.  Any further extension of time for

service would be futile.  Dr. Jutzy should therefore be dismissed.

### III.    CONCLUSION

I recommend that Defendant Dr. Kevin Allen Jutzy, M.D. be DISMISSED

WITHOUT PREJUDICE under Fed.R.Civ.P. 4(m).

Any objections to this  Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638

F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R.  Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2017

## CERTIFICATE OF SERVICE

I hereby certify on July 25, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 25, 2017.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen

-4-